Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
Jordan C. Wolff (Arizona Bar #034110)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Keith and Tammy Early, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>The State of Arizona, et al,<br><br>Defendants. | Case No.: 2:16-cv-00031-SPL (DMF)<br><br>**PLAINTIFFS' RESPONSE TO CHC DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS' DAMAGES EXPERT DR. BARBARA C. LUNA FROM TESTIFYING AT TRIAL DUE TO UNTIMELY DISCLOSURE**<br><br>*(Oral Argument Requested)*<br><br>(Assigned to the Hon. Deborah M. Fine) |

Plaintiffs, by and through undersigned counsel, hereby submit their Response To CHC Defendants' Motion To Preclude Plaintiffs' Damages Expert Dr. Barbara C. Luna From Testifying At Trial Due To Untimely Disclosure. This response is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

CHC Defendants' motion to exclude Dr. Luna's expert report and preclude her from testimony at trial should be summarily denied because CHC Defendants laid in wait for nearly nine (9) months before informing Plaintiffs and this Court of any objections regarding Dr. Luna's damages report. Despite knowing about Plaintiffs' damages expert in May of 2018 and having Dr. Luna's complete report no later than August 20, 2018, CHC

Defendants did not make any efforts to cure any of the alleged prejudice they are now complaining about. At the time CHC Defendants received Dr. Luna's complete report, the deadline for rebuttal reports had not passed. (Doc. 206). More importantly, the deadline for discovery was not for another two months and the deadline to depose expert witnesses was not until December 21, 2018—four months after Dr. Luna's full report was disclosed. *Id.* ***There is also no trial setting in this matter***.

Instead of requesting an extension to file a rebuttal report, conducting further discovery, and/or deposing Dr. Luna, CHC Defendants did absolutely nothing. Now, they motion this Court requesting that Dr. Luna's report and testimony should be excluded from trial because they were prejudiced by the late disclosure. As explained herein, CHC Defendants have not been prejudiced, and if they have, they had the ability to cure most if not all the prejudice, but they made the decision not to. Therefore, this Court should deny CHC Defendants' Motion to Preclude Plaintiffs' Damages Expert Dr. Barbara C. Luna From Testifying At Trial Due To Untimely Disclosure.

## II.     LEGAL ARGUMENT

### A.     Luna's August Disclosure Was Substantially Justified And Harmless

Rule 37(c)(1) and Ninth Circuit case law recognize that untimely disclosed expert testimony should not be excluded where the failure to timely disclose "was substantially justified or is harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106–07 (9th Cir. 2001); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed.Appx. 705, 711 (9th Cir. 2010); Fed. R. Civ. P. 37(c)(1).

Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd.,* 375 Fed. Appx. at 713 (citing *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003).

2

### 1. Defendants were not Prejudiced

Plaintiffs disclosed Barbara Luna's calculations in May 2018 as part of their 8th supplemental disclosure statement (the "Original Report").[1] Unfortunately, due to a miscommunication between a former employee of Plaintiffs' counsel's law firm and the expert witness, Dr. Luna only provided her final table; her C.V. and supporting documents, but the final version of the report (the "Luna Report") with required disclosures was not provided to Defendants' counsel until August 12, 2018. *See* Aug. 12, 2018 Email attached hereto as Ex. A. Plaintiffs immediately disclosed it on August 16, 2018 in Plaintiffs' 8th Amended Supplemental Disclosure Statement. (Doc. 207).[2] *BFI Waste Sys. of N. Am. v. Dekalb County, Georgia*, 303 F. Supp. 2d 1335, 1345 (N.D. Ga. 2004) (allowing expert report where it was provided "as soon as it became available," even when it was disclosed after a party filed for summary judgment.). At the time of the disclosure no rebuttal reports were due and the deadline for fact discovery was not for another two months. (Doc. 206).[3]

Furthermore, CHC Defendants aver that they were prejudiced by the August 16, 2018 production of the Luna Report because CHC Defendants assumed that the Court would not grant any more extensions. (Doc. 236 at 10:17-19). Conversely, on February 11, 2019, CHC Defendants requested an extension of time to file their motion for summary judgment. (Doc. 242). That same day, this Court granted their request. (Doc. 243).

Moreover, CHC Defendants never requested additional time for a rebuttal report from Plaintiffs nor moved this Court for an extension of time to file a rebuttal report. The CHC Defendants cannot claim they were prejudiced based on their assumption the Court

---

[1] CHC Defendants admit that they had Dr. Luna's calculations for damages prior to their June 29, 2018 expert disclosure deadline. (Doc. 236 at 4:19-21.).

[2] CHC Defendants claim that there was no difference between the documents disclosed in Plaintiffs' Eighth Supplemental Disclosure and their Eighth Amended Disclosure. (Doc. 236 at 6:10-12. This is untrue. Plaintiffs' applied new bates stamps to the expert reports in their Eighth Amended Supplemental Disclosure. The expert reports previously had the prefix of "EARLY" but in the Eighth Amended, the bates labels were changed to the last name of each expert.

[3] CHC Defendants incorrectly state that the Luna Report was disclosed after the rebuttal deadline. (Doc. 236 at 10:9-11).

would deny their request for an extension. CHC Defendants' argument is purely speculative and the fact that CHC Defendants requested an extension of time to file their motion for summary judgment, which the Court granted, makes their argument meritless.

CHC Defendants failed to demonstrate how they were prejudiced or how the late production interfered with their ability to prepare for trial. Therefore, this Court should deny their motion. *BFI Waste Sys. of N. Am.*, 303 F. Supp. 2d at 1345 (permitting Plaintiffs' expert report when Defendants failed to show that they are prejudiced by the report's untimeliness). *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (The Ninth Circuit vacated a district court's order precluding late-produced expert discovery because (i) less drastic sanctions were available, and (ii) the defendants were not prejudiced in their ability to prepare for trial by the late disclosure).

## 2. **Defendants were able to cure any prejudice but chose not to**

When Plaintiffs disclosed the Luna report, the Defendants did not voice any objections.[4] This evident in the August 13, 2018 Joint Stipulated [Seventh] Motion to Extend Deadlines, which CHC Defendants Draft, there was no mention of any late disclosure. As a matter of fact, CHC Defendants stated that "Plaintiffs disclosed their expert witness reports on or before May 15, 2018." (Doc. 205 at 2:11-15).

In its Motion, CHC Defendants recognizes its substantial flaw for requesting relief:

> Plaintiffs will undoubtedly claim that even though her designation as an expert witness and report were disclosed late, Defendants could have still deposed Dr. Luna to alleviate any prejudice. That argument, however, ignores what this Court well knows, that this Court extended disclosure and discovery deadlines seven times at the request of the parties and clearly indicated on the last such extension that it would be the last.

---

[4] In the August 13, 2018 Joint Stipulated [Seventh] Motion to Extend Deadlines, which CHC Defendants Drafted, there was no mention of any late or incomplete disclosures. As a matter of fact, CHC Defendants stated that "Plaintiffs disclosed their expert witness reports on or before May 15, 2018." (Doc. 205 at 2:11-15). Had CHC Defendants raised an issue with Plaintiffs' prior disclosures at this time, the parties could have attempted to resolve it and, if not, brought the issue to the Court's attention back in August 2018. Instead, for roughly nine months, CHC Defendants made Plaintiffs and this Court believe that there were no issues with Plaintiffs' productions.

(Doc. 236 at 10:14-16).

On August 14, 2018, two (2) days before the Luna Report was disclosed, the Court extended expert depositions until December 21, 2018. (Doc. 206). Moreover, at the time CHC Defendants received the Luna Report, CHC Defendants had not deposed any of Plaintiffs' expert witnesses. (*See* docs. 233, 234). It was not until September 7, 2018, roughly three (3) weeks after CHC Defendants received the Luna Report, Michael Smith, CHC's counsel, sent an email to Plaintiffs' counsel, which stated:

> No problem. Jordan – I've been out of the office and am catching up. Have we bneen [sic] provided with dates of availability to depose Mr. Gause and Dr. Rubenstein? ***I know you provided us with some availability for Ms. Luna already***. Can you provide the same for the other 2 experts? Thanks. Michael.

Sept. 7, 2018 Email attached hereto as Ex. B. (emphasis added).

Undeniably, Mr. Smith acknowledged that Plaintiffs made Dr. Luna available for a deposition and provided CHC Defendants Dr. Luna's availability for her deposition.[5] However, CHC Defendants made the decision not to take Dr. Luna's deposition, which would have cured most if not all prejudice. *See W. All. Bank v. Jefferson,* 119 F. Supp. 3d 961, 968 (D. Ariz. 2015) (holding that the deposition of an expert witness after the disclosure of late materials obviates most of the harm).

Now, nine months after CHC Defendants received Luna's damages calculations and six months after they received the Luna Report, CHC Defendants are now claiming that they have been prejudiced by the late disclosure of Dr. Luna's report because they have not had the opportunity to take Dr. Luna's deposition.[6] (Doc. 236 at 10:14-16). This argument is disingenuous. CHC Defendants had four (4) months to depose Dr. Luna, but they intentionally chose not to depose her.[7]

---

[5] It should be noted that CHC Defendants did not make any objection regarding the Luna Report disclosed on August 16, 2018. (Doc. 206).
[6] CHC Defendants waited until the final month to depose Plaintiffs' two other experts. (Docs. 233, 234).
[7] The deadline for expert depositions was December 21, 2018. (Doc. 206). Furthermore, filed in the same week with this Response is Plaintiffs' Motion to Extend Deadlines to take

5

In addition to not taking Dr. Luna's deposition, CHC Defendants assert that they have been prejudiced by the August 16, 2018 disclosure of the Luna Report because "Plaintiff have prejudiced Defendants' ability to counter or contend with that testimony at trial." (Doc. 236 at 10:13-14). Defendants fail to inform the Court that on June 15, 2018, CHC Defendants requested a two-week extension to submit their expert reports. (Doc. 196). The Court granted CHC's request on June 19, 2018. (Doc. 198). However, when the CHC Defendants disclosed their expert reports, they did not produce a damages report. Their failure to produce their own damages report was not the result of any prejudice due to the August 16, 2018 disclosure of the Luna Report. CHC Defendants conducted discovery directly related to the damages in this case.[8]

Furthermore, when CHC Defendants purportedly received the Luna Report on August 20, 2018—four days prior to the last day to submit rebuttal reports (Doc. 206)—CHC Defendants never requested additional time to submit a rebuttal report. Had CHC Defendants requested additional time to submit Plaintiffs would not have objected. Counsel in this case has routinely worked with each other's schedules to grant extensions or to work around discovery issues. For example, Mr. Woods had a death in his extended family in late July 2018 and as such requested an extension for Plaintiffs' rebuttal reports, which CHC Defendants graciously granted. (Doc 205 at 3:2-5). In fact, Mr. Woods also offered similar extensions to CHC Defendants due to the unexpected need to request extensions for Plaintiffs. *See* Aug. 7, 2018 Email attached hereto as Ex. D. CHC Defendants' prejudicial argument relies solely on speculation that the Court would not grant an additional extension, but no request was ever made by CHC Defendants' counsel for

---

Depositions – something that has been discussed extensively with Defendants' counsel and something that Plaintiffs would be more than willing to add a deposition of Dr. Luna to the requested relief. (*See* Doc. 245).

[8] On October 11, 2016, CHC Defendants served interrogatories requesting information regarding Neil Early's education and employment history. *See* Def CHC's 1st Set of Interrogs., No. 3 attached hereto as Ex. C. CHC Defendants have not raised an issue with the Plaintiffs' responses to their discovery requests regarding Neil Early's education and employment history.

Plaintiffs' counsel to stipulate to extend the time to produce a rebuttal report. In reality, the additional two or three weeks that may have been needed for CHC Defendants to prepare a rebuttal report would not have affected any other deadlines at the time and in no way would have been prejudicial to the CHC Defendants because Mr. Smith waited three (3) weeks to get dates for expert depositions and did not begin conducting expert depositions until November 29, 2018. *See* Ex. B; (Doc. 233). By failing to request an extension from both Plaintiffs and the Court, CHC Defendants intentionally chose not to cure any alleged prejudice.

CHC Defendants undoubtedly had the ability to cure any alleged prejudice that the Luna Report may have inadvertently caused. But CHC Defendants made no objections to the August 16, 2018 disclosure of the Luna Report and did not attempt to cure any purported prejudice. Instead, they laid in wait until the final day to exclude experts to raise any objections to the Luna Report claiming that the late production was prejudicial. Accordingly, the Court should deny CHC Defendants' motion.

### 3. The is no likelihood of disruption of the trial

There is zero likelihood that there would be a disruption of trial because there has not been a trial setting for this matter.

### 4. There was no bad faith nor willfulness involved in not timely disclosing the Luna Report

As explained herein, there was no bad faith or willfulness involved in disclosing the Luna Report on August 16, 2018. Plaintiffs did not have Dr. Luna's full report until August 12, 2018. Once Dr. Luna provided the report to Plaintiffs' counsel, Plaintiff disclosed it to all of the parties in this matter.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny CHC Defendants' Motion To Preclude Plaintiffs' Damages Expert Dr. Barbara C. Luna From Testifying At Trial Due To Untimely Disclosure

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**RESPECTFULLY SUBMITTED** this 22nd day of February 2019.

        **MILLS + WOODS LAW, PLLC**

By   /s/ Sean A. Woods
    Robert T. Mills
    Sean A. Woods
    Jordan C. Wolff
    5055 North 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Michael Smith
2929 North Central Ave, Ste 1700
Phoenix Arizona 85012
*Attorneys for Defendants Correctional Healthcare Companies, Inc., Physicians Network Association, Inc., Arshad Tariq, Toan Lai, and Tiffany Thompson*

**DICKINSON WRIGHT LLC**
Denise Troy
1850 North Central Ave, Ste 1400
Phoenix, Arizona 85004
*Attorney for Defendant Melissa Johnson*

          /s/ Jordan C. Wolff

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556